IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL S. PRICE PLAINTIFF

V. Civil No. 2:25-cv-02136-TLB-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Randall Price, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Procedural Background

Plaintiff filed his application for DIB on January 23, 2024,[1] alleging disability since March 15, 2022, due to bilateral hearing loss, daily headaches, migraines once a week, vertigo, bilateral plantar fasciitis, lumbosacral strain, multiple traumatic brain injuries, post-traumatic stress disorder, panic attacks, generalized anxiety disorder, and depression. (ECF No 5. pp. 98, 109, 251-258, 299). Administrative hearings were held before Administrative Law Judge ("ALJ")

[1] Plaintiff filed a prior application for benefits in 2018, which was denied by an ALJ on July 18, 2020. (ECF No. 5, pp. 442-445). On May 17, 2022, this Court reversed and remanded the case to the Commissioner for further consideration of the vocational expert's testimony. (*Id*.).

Elisabeth McGee on December 4, 2024, and March 18, 2025. (*Id*. at 44-96). The Plaintiff was both present and represented by counsel Laura McKinnon.

Born on February 5, 1978, Plaintiff was 44 years old on his alleged onset date and possessed a high school education. (ECF No. 5, pp. 34, 300). He is a Navy veteran having served as a special warfare combat crewman handling the insertion and extraction of SEALS and Green Berets. (*Id*. at 51). Plaintiff also possessed past relevant work experience as a field mechanic. (*Id*. at 34, 300-301).

On May 7, 2025, ALJ McGee determined that the Plaintiff met insured status requirements through December 31, 2027. (ECF No. 5, p. 22). She then identified mild to moderate sensorineural hearing loss ("SNHL") with hearing aids, bilateral knee impairments with anterior cruciate ligament/medial collateral ligament/lateral meniscal tear of the right knee, lateral meniscal tear of the left knee status post-surgery February 2023, headaches/migraines, depression, anxiety and posttraumatic stress disorder ("PTSD") as severe impairments, but she concluded the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 23). Despite Plaintiff's impairments, ALJ McGee found he retained the residual functional capacity ("RFC") to perform sedentary work, with no climbing of ladders/ropes/scaffolds or unprotected heights; occasional climbing of ramps and stairs, stooping, kneeling, crouching and crawling; and no more than office level noise. (*Id*. at 26). Further, the ALJ concluded he could perform simple and some complex tasks where the complexity of tasks is learned by experience; adapt to a routine work situation; have frequent social interaction with supervisors and co-workers; and have occasional social interaction with the public. (*Id*.). With the assistance of a vocational expert ("VE"), she

determined Plaintiff could perform work as an eyeglass frame polisher, table worker, printed circuit layout taper, and escort vehicle driver. (*Id*. at 35).

The Appeals Council denied Plaintiff's request for review on August 26, 2025. (ECF No. 5, pp. 7-9). Plaintiff subsequently filed this action on October 24, 2025. (ECF No. 2). Both parties have filed appeal briefs (ECF Nos. 8, 9), and the matter is ready for Report and Recommendation.

## II. Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in the light of his RFC if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

## III. Discussion

Plaintiff raises three issues on appeal: (1) whether the ALJ fully and fairly developed the record; (2) whether the ALJ erred at Steps Two and Three of the sequential evaluation; and (3) whether substantial evidence supports the ALJ's RFC determination. Having reviewed the record in this case, the undersigned finds substantial evidence lacking in support of her RFC assessment.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. Although the RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace, it is an administrative determination left to the ALJ. *Montgomery v. O'Malley*, 122 F.4th 1059, 1064 (8th Cir. 2024) (holding RFC is ultimately an administrative determination reserved to the SSA) (citations omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (holding RFC must be supported by some medical evidence).

"The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations," including symptoms such as pain. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).

The record makes clear that the Plaintiff, a Navy veteran, has suffered no less than three traumatic brain injuries. (ECF No. 5, pp. 51, 53). In addition to migraine headaches and tinnitus, the Plaintiff suffers from SNHL. SNHL is hearing loss that is caused by damage to the nerve that is responsible for sending sounds waves to the brain. Cleveland Clinic, *Sensorineural Hearing Loss*, *at* https://my.clevelandclinic.org/health/diseases/sensorineural-hearing-loss (last accessed August 31, 2026). It makes it difficult to hear in noisy environments and to follow conversations with multiple people. *Id*. Mild SNHL typically results in some trouble having conversations with noisy backgrounds while moderate SNHL causes difficulty hearing anyone, especially women and children, even with little background noise. Baptist Health, *Sensorineural Hearing Loss*, *at* https://www.baptisthealth.com/care-services/conditions-treatments/sensorineural-hearing-loss (last accessed August 31, 2026). Plaintiff also suffers from auditory processing disorder, which is a type of hearing loss "caused by something affecting the part of the brain that processes how you hear." (ECF No. 5-1, pp. 216-218, 239-242). *Auditory processing disorder*, *at* https://www.mayoclinic.org/diseases-conditions/auditory-processing-disorder/symptomscauses/-20555261 (last accessed September 1, 2026). This makes it difficult for an individual to determine where sound is coming from, understand words that are spoken quickly or in a noisy room, understand and remember spoken information, and follow directions. *Id*. An auditory processing evaluation documented impairment in Plaintiff's dichotic listening and understanding of monaural

low redundancy speech, especially when background noise was present. (ECF No. 5-1, pp. 168-172).

The ALJ properly concluded Plaintiff's SNHL necessitating hearing aids was severe. (ECF No. 5, p. 23). Claiming to have found the consultative audiological exam findings persuasive, the ALJ concluded that any limitations resulting from his SNHL would be accommodated by a restriction to office level noise. (ECF No. 5, p. 32). However, even with his hearing aids, audiologist Christine Goulet indicated that any "type or amount of [background] noise causes patient to not understand speech." (ECF No. 5-1, pp. 646-649). This is supported by consistent documentation that the Plaintiff had trouble hearing conversations over background noise. (ECF No. 5-1, pp. 159-161, 216-218, 239-242, 766-780, 1309-1312). Additionally, Plaintiff testified that he watched television with the volume turned up and the closed captioning turned on. (*Id*. at 59-60).

In October 2023, the Veteran's Administration ("VA") concluded that the Plaintiff had a 90% service-connected hearing loss. (*Id*. at 708-713). Although not necessarily controlling, findings of disability by other federal agencies are entitled to some weight and must be considered in the ALJ's decision. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). Here, given the level of severity assessed by the VA, further consideration of the VA's assessment is necessary.

Accordingly, remand of this case is necessary to enable the ALJ to properly consider the limitations resulting from Plaintiff's SNHL and auditory processing disorder.

## IV. Conclusion

Based on the foregoing, it is RECOMMENDED that the Commissioner's decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of September 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE