IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL S. PRICE PLAINTIFF

v. Civil No. 2:25-CV-02136-TLB-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Presently before the Court is a Motion for Attorney Fees filed on October 15, 2026, by Plaintiff, Randall Price. (ECF No. 13). In this Motion, Plaintiff seeks an award of fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), totaling $8,133.01, which represents a total of 3.08 attorney hours in 2025 at an hourly rate of $252.00, and a total of 27.05 attorney hours in 2026 at an hourly rate of $257.00, and costs in the amount of $405 for a filing fee paid in 2025. (ECF Nos. 13, 13-1, 13-2, 13-3, 14). On October 16, 2026, the Commissioner filed a response voicing no objections. (ECF No. 15).

### I. Discussion

It is the opinion of the undersigned that Plaintiff is entitled to the requested fee award in this case. The Commissioner does not contest that Plaintiff is a prevailing party and the position advanced by the Commissioner in this Court was not substantially justified. (ECF No. 15, pp. 1-2). Nor does the Commissioner contest the requested hourly rates, the time spent by Plaintiff's attorney for work done on Plaintiff's claim while in this Court, or the costs Plaintiff incurred as a filing fee. (*Id.*). On September 1, 2026, after a review of the entire administrative record and the parties' briefs, the undersigned issued a Report and Recommendations concluding that the Commissioner's decision should be reversed and remanded for further consideration pursuant to

sentence four of 42 U.S.C. § 405(g). (ECF No. 10). On September 16, 2026, the Hon. Timothy Brooks, Chief United States District Judge, entered an Order adopting the Report and Recommendations in its entirety, followed by a Judgment reversing the Commissioner's decision and remanding Plaintiff's case for further proceedings. (ECF Nos. 11-12). The Commissioner did not file an appeal. For these reasons, the undersigned finds Plaintiff is a prevailing party and the position advanced by the Commissioner in opposition to Plaintiff's Complaint was not substantially justified. *See Schaefer v. Shalala*, 509 U.S. 292, 300 (1993) (obtaining a sentence-four judgment reversing the denial of benefits satisfies "prevailing party" requirement); *see also Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (noting it is the Commissioner's burden to show substantial justification for the denial of benefits).

In addition, the undersigned has considered the relevant factors and finds the request for attorney fees and costs is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (court may determine an hourly rate exceeding the statutory cap of $125 is justified by an increase in the cost of living); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (acknowledging U.S. Department of Labor's CPI as a benchmark for determining whether increase in EAJA hourly rate is justified); General Order 39 (standing Order allowing enhanced hourly rates based on CPI-South for December of the previous relevant year). Accordingly, the undersigned finds that Plaintiff is entitled to an award of attorney fees and costs under the EAJA in the amount of $8,133.01.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if Plaintiff has executed a valid assignment to her attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Accordingly, the undersigned RECOMMENDS awarding Plaintiff the sum of **$8,133.01** for attorney fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED on this 22nd day of October 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE